# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**ZAYZHON THOMPSON**                                              **PETITIONER**

No. 4:23-cv-01216 BRW/PSH

**DEXTER PAYNE, Director,**
**Arkansas Division of Correction ("ADC")**                       **RESPONDENT**

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Zayzhon Thompson ("Thompson"), an inmate in the custody of the Arkansas Division of Correction (ADC), filed this application for writ of habeas corpus

pursuant to 28 U.S.C. §2254.[1] Doc. No. 2. Respondent Dexter Payne ("Payne") moves to dismiss this application as successive. Doc. No. 9.

Thompson, proceeding with the assistance of counsel, filed his first federal habeas corpus case in February 2020. *See Thompson v. Payne*, No. 4:20-cv-00199, raising a single claim for relief. The petition was dismissed as untimely, and judgment was entered in September 2020. No appeal ensued.

Thompson filed the instant petition on December 26, 2023, alleging two claims for relief. 28 U.S.C. § 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant *shall* move in the appropriate court of appeals for an order authorizing the district court to consider the application." (Emphasis added). The statutory language is clear that permission must be received before the filing of the successive petition with the district court. *Burton v. Stewart*, 549 U.S. 147 (2007). "The long and short of it is that Burton neither sought nor received authorization from the Court of Appeals before filing his" successive petition, and the District Court was therefore without jurisdiction to entertain it. *Id.* at 157.

---

[1] Thompson is attacking his 2016 Pulaski County convictions for aggravated residential burglary, aggravated robbery, theft of property, terroristic threatening, and an enhancement for use of a firearm. He was sentenced to 20 years' imprisonment. *See Thompson v. State*, 2017 Ark.App. 300.

Because Thompson has not obtained the requisite permission from the Eighth Circuit Court of Appeals, the Court recommends that Payne's motion to dismiss (Doc. No. 9) be granted and the petition be dismissed without prejudice pending an order from the Eighth Circuit Court of Appeals containing authorization for filing.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, the Court recommends that the certificate of appealability be denied.

IT IS SO ORDERED this 8th day of March, 2024.

_____
UNITED STATES MAGISTRATE JUDGE